JOAQUÍN BONILLA, Plaintiff and Appellee, *v.* JOSEFA ECHEANDÍA-ARTEAGA and CARMELA CHARÓN, Defendants and Appellants.

No. 3580. Argued April 15, 1925.—Decided June 5, 1925.

1. APPEAL—BRIEF—ASSIGNMENT OF ERRORS.—In a brief all errors should be assigned first and then argued separately.

2. REVENDICATION—JURISDICTION.—A district court has jurisdiction of an action of revendication involving two houses alleged in the complaint and shown by the evidence to be worth from $500 to $550 each, although they may have been bought for $175.

3. ID.—TRIAL—SETTINGS—NOTICE.—When a setting for trial is made at the time of reading the docket it is not necessary to give notice to the parties.

4. ID.—PLEADING—COMPLAINT.—A complaint in an action of revendication is sufficient if the plaintiff alleges that he is the owner of the properties therein described and that the defendant is in possession of them unlawfully and against the plaintiff's will.

5. ID.—APPEAL—DISCRETION OF COURT—COSTS.—The imposition of costs will not be reversed on appeal unless an abuse of discretion is shown.

District Court of Aguadilla, Tomás Bryan, J. Judgment for the plaintiff in an action of revendication. *Affirmed.*

*Víctor P. Martínez González* for the appellants. *José C. Rivera* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Joaquín Bonilla brought an action of revendication in the District Court of Aguadilla to recover possession of two urban properties with rents and damages. The defendants demurred to the complaint. The demurrer was overruled and the defendants were allowed ten days within which to answer. The answer filed contains a denial that the

plaintiff is the owner of the houses sued for and new matter alleging that the defendants are the actual owners of the properties by purchase at a forced sale.

The action remained dormant for some time. On motion to set a day for the trial the 19th of August, 1924, was fixed. The plaintiff appeared but the defendants did not. The evidence offered by the plaintiff was examined and the court rendered judgment sustaining the complaint.

The defendants appealed and assigned in their brief that the court erred (1) in acting without jurisdiction, (2) in going to trial while the case was not ready, (3) in overruling the demurrer, (4) in finding the facts as alleged in the complaint and (5) in imposing the costs.

[1] The brief does not contain a proper assignment of errors. An error is assigned and then argued, and so on. This is not a compliance with Rules 42 and 43 of this court. All errors must be assigned first and then argued separately one by one. Because of the great amount of work of this court it becomes more and more necessary that the attorneys present their cases in accordance with the rules of this court intended to insure the easiest and most speedy disposition of cases.

[2] It is contended that the district court had no original jurisdiction of the case because the houses sought to be recovered were purchased by the plaintiff himself for the sum of $175. In the complaint it is alleged that each of the houses is worth $550 and at the trial José C. Rivera testified that each of them is worth $500 and has always rented for more than $7 a month. Also there is a claim for $200 as damages. This is sufficient to show that the appellants are wrong. The fact that a property is purchased for a certain sum does not prove necessarily that that is its fair value. It is a fact which may and should be taken into account in determining the value, but it does not exclude other evidence.

[3] The second assignment is also without merit. When

a case is set for trial at the time of reading the calendar it is not necessary to give notice to the parties. Litigants who have cases pending should keep themselves informed of the reading of the calendar. The defendants having filed their answer, the issue was joined on both the facts and the law and the case was ready for trial. The fact that the plaintiff waited more than a year before asking for a setting does not mean necessarily that he had abandoned the action. The defendants could have acted of their own accord and moved for a setting.

[4] In our opinion the complaint states facts sufficient to constitute the cause of action asserted. It is alleged that the plaintiff is the owner of the houses described by private purchase from their former owner which was ratified later by public deed. And it is also alleged that against the plaintiff's will the defendants were unlawfully in possession of the said houses and collected the rents without any right thereto.

There was oral and documentary evidence. By witnesses whose testimony was uncontroverted and believed by the court the private contract of purchase was proved, and by the deed executed for that purpose its ratification was established. It was proved also that since the making of the private contract the plaintiff collected the rents of the houses, but the tenants refused to pay rent to him after the houses were sold to the defendants.

The defendants had brought an action of debt against the original owner of the houses. Judgment having been rendered in their favor, in its execution they levied on the houses and after the forced sale had been advertised the properties were sold to them in payment of their claim. The levy was not recorded in the registry and was of a later date than the private contract of sale and entry into possession by the plaintiff. The sale was made after the execution of the deed ratifying the private contract.

Under the circumstances the evidence must be considered sufficient and the court did not err in weighing it.

[5] From an examination of the record and considering what we have said, it can not be concluded that the trial judge abused his discretion in imposing the costs.

The judgment appealed from must be affirmed.